CIRCULATION ASSOCIATES, INC., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 44813. Motion No. M-8476.)

Third Department, May 20, 1966.

*Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for appellant.

*Halperin, Morris, Granett & Cowan (Solomon Granett* of counsel), for respondent.

TAYLOR, J.  The State of New York appeals from an order of the Court of Claims which denied its motion to dismiss a claim for breach of contract on the grounds that it failed to state a cause of action and that it was not timely filed.

Claimant is engaged in the direct mail advertising business in connection with the operation of which it maintains sources from which can be compiled various types of lists of members of the public for use by persons, among others, engaged in the automotive industry.  Subdivision 3 of section 202 of the Vehicle and Traffic Law authorizes the Commissioner of Motor Vehicles to contract with the highest responsible bidder to furnish copies of records of all vehicle registrations for any registration year or for a term of years not exceeding five in number with respect to a given territory.  In 1961 claimant was the successful bidder for the records and thereafter entered into a contract with the Commissioner of Motor Vehicles, a copy of which is annexed to the claim.  Therein he agreed to sell to claimant and it agreed to buy " (i) Dealer and Transporter registrations in cash sheet form, (ii) special registrations in 4" x 6" paper reproductions and (iii) all other vehicle registrations in 35 millimeter microfilm negative rolls, issued for registration years 1962–1964, both inclusive " in all of the counties of the State at a specified price for each 100 registrations.  The Commissioner further agreed that during the term of the contract he would not deliver the microfilm negative rolls of registration to anyone other than to claimant and that " in furnishing copies of the vehicle registrations in this State to others than the [claimant] " the Commissioner would charge the rates specified in the statute (Vehicle and Traffic Law, § 202, subd. 3).

It appears from an unrefuted affidavit (CPLR 3211, subd. [c]) that after the Commissioner began to send the microfilms to claimant pursuant to the terms of the contract he agreed to permit R. L. Polk & Co., a competing firm, a long-time contractant with the State for the same materials and an unsuccessful bidder for the rights acquired by claimant in 1961, to microfilm copies of a form known as MV-50 which contained information substantially identical to that of the vehicle registrations.  Polk supplied the microfilm cameras and State employees performed the necessary photographic work after normal working hours at a cost well below that set forth in subdivision 3 of section 202 of the Vehicle and Traffic Law.  This arrangement, the affidavit states, enabled Polk to obtain essentially the same information contracted for by claimant at an earlier date by reason of the speedier microfilm procedures thus placing it at a serious competitive disadvantage and in effect destroying the exclu-

sivity which was achieved by competitive bid and subsequent contract. When claimant's efforts to induce the Commissioner to discontinue the practice failed, it refused to pay for the microfilms whereupon the Commissioner cancelled the contract and this claim for damages arising from its alleged breach followed.

The claim alleges that it was intended by the agreement entered into between claimant and the Commissioner of Motor Vehicles of the State of New York following a public bidding pursuant to subdivision 3 of section 202 of the Vehicle and Traffic Law " that Claimant would be the sole party to receive in bulk from the Commissioner, information contained on motor vehicle registration records for the years 1962, 1963 and 1964 " and that his subsequent agreement with a competitor to permit the microfilming of copies of a form known as MV-50 which contained information substantially identical to that of vehicle registrations at a cost less than the statutory rate (Vehicle and Traffic Law, § 202, subd. 3) constituted a breach thereof. These allegations prima facie state a cause of action. Since the record demonstrates that the damages claimed were not ascertainable until November 18, 1963 the claim was timely filed. (*Waterman* v. *State of New York*, 19 A D 2d 264, affd. *sub nom. Williams* v. *State of New York*, 14 N Y 2d 793 and cases cited therein.)

The order should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order affirmed, with costs.